FILED

08 APR 28 PM 4: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROSELL-FERNANDEZ,<br><br>                    Defendant-Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 07-CV-1349 W<br>        04-CR-2785 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 24, 2007, Petitioner Peter Rosell-Fernandez ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceedings. Respondent United States of America ("Respondent") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition (Doc. No. 35).

## I.    BACKGROUND

On July 20, 2004, Petitioner was arrested and charged with attempting to enter the United States at the San Ysidro Port of Entry without the consent of the United States Attorney General or his designated successor. On August 19, 2004, as part of

1  a fast-track plea offer, Petitioner waived indictment and Respondent filed a three-count

2  Information.

3        Petitioner did not accept Respondent's 48-month fast-track plea offer because

4  defense counsel believed Petitioner had three viable defenses that needed to be

5  investigated.  These defenses were based on: (1) possible mental-state issues; (2) a

6  derivative citizenship claim based on Petitioner's father's U.S. citizenship; and (3) a

7  possible challenge to Petitioner's deportation proceeding.  Accordingly, on October 27,

8  2004, a federal grand jury returned a two-count indictment charging Petitioner with

9  Attempted Entry After Deportation (8 U.S.C. §1326), and False Claim to United

10  States Citizenship (18 U.S.C. § 911).  The Information was subsequently dismissed and

11  Petitioner was arraigned on the Indictment.

12        On February 28, 2005, Petitioner pled guilty to both counts of the Indictment

13  without a plea agreement.  Following a sentencing hearing, on June 23, 2005, Petitioner

14  was sentenced to sixty months in custody on Count 1 and thirty-six months in custody

15  on Count 2, the sentences to run concurrently.  Petitioner also received concurrent

16  terms of three years and one year of supervised release on Counts 1 and 2, respectively.

17        On July 1, 2006, Petitioner appealed the sixty-month sentence arguing that the

18  District Court erred in denying Petitioner's motion for downward departure due to

19  diminished capacity and cultural assimilation.  On August 22, 2006, the Ninth Circuit

20  affirmed the District Court's judgment.  On July 24, 2007, Petitioner initiated these

21  2255 proceedings.  Petitioner's sole ground for relief is ineffective assistance of counsel.

22

23  II.  DISCUSSION

24        To prevail on an ineffective assistance of counsel claim, Petitioner must establish

25  that counsel's performance was deficient and that the deficient performance prejudiced

26  the defense.  Tinsley v. Borg, 895 F.2d 520, 531–32 (9th Cir. 1990) (citing Strickland

27  v. Washington, 466 U.S. 668, 687 (1984)).  "The proper standard for evaluating

28  attorney performance is whether the assistance was reasonably effective under the

1  circumstances." Id. "Judicial scrutiny of defense counsel's performance must be 'highly

2  deferential,' and a court 'must indulge a strong presumption that counsel's conduct falls

3  within the wide range of reasonable professional assistance....'" (Id.)

4          Petitioner's ineffective assistance of counsel claim is based on his attorney's

5  investigation into the three potential defenses based on derivative citizenship, mental

6  state, and the allegedly invalid deportation proceeding.

7          Petitioner concedes that his attorney had an obligation to investigate these

8  defenses. (Pet.'s Reply, pp.1–2.)  However, Petitioner contends that the investigation

9  took too long, thereby forcing Petitioner to reject the 48-month fast-track plea offer

10 and eventually resulting in the longer prison sentence.

11         In support of his argument, Petitioner cites United States v. Estrada-Plata, 57

12 F.3d 757 (9th Cir. 1995) for the proposition that 9 days is sufficient to evaluate a fast-

13 track plea offer.  (Pet.'s Reply, p.2.)  Because Petitioner's attorney's investigation took

14 more than 90 days, Petitioner contends that counsel's conduct was not reasonable

15 under the circumstances.

16         Petitioner's reliance on Estrada-Plata is misplaced.  In Estrada-Plata, petitioner

17 Estrada challenged his conviction for violating 8 U.S.C. § 1326(b) (deported alien

18 found in the United States after a felony conviction).  Among the grounds Estrada

19 raised was that he was only given 9 days to consider the government's fast-track plea

20 offer.  Usually, defendants were given two weeks to consider the offer.  Estrada,

21 therefore, claimed that he was not given enough time to make an informed decision.

22 Id. at 760.  The Ninth Circuit rejected the argument:

23         Estrada did not demonstrate that 9 days was inadequate time, or that
           other § 1326(b) defendants were given a more significant opportunity to
24         evaluate their cases.  Moreover, the district court noted, *Estrada's counsel
           never requested any discovery and never asked the government for additional*
25         *time to review his client's record.*

26

27 Id. at 760–761 (emphasis added).

28

07cv1349 / 04cr2785

1   <u>Estrada-Plata</u> does not support Petitioner because that case did not involve an

2   analysis regarding the amount of time needed by defense counsel to investigate

3   potential defenses, much less the three involved in this case. Accordingly, the case is

4   simply not applicable to the issue of whether Petitioner's attorney's 90-day investigation

5   was reasonable under the circumstances.

6   Petitioner next argues that the length of the investigation was unreasonable

7   based on the facts defense counsel knew at the start of the case. For example,

8   Petitioner contends that his attorney should have quickly concluded that the mental-

9   state defense was not viable based on information in the arrest report.

10   According to the report, Petitioner appeared "groggy and a little bit incoherent"

11   when he arrived at the Port of Entry. (Resp.'s Opp., Attachment 2 at p.2.) Petitioner

12   contends, however, that the report indicates that he was able to offer a "coherent

13   explanation" for his appearance. (Pet.'s Reply, p.2.) Accordingly, Petitioner argues

14   that the report alone established that the mental-state defense lacked merit. (<u>Id.</u>) The

15   Court disagrees.

16   Petitioner's argument ignores important information known to defense counsel.

17   Aside from appearing groggy and somewhat incoherent, there is no dispute that

18   Petitioner was in psychiatric treatment shortly before his arrest, and had recently

19   attempted to commit suicide. (Resp.'s Opp., Attachment 2 at p.2.) As a result, after

20   his arrest, Petitioner was placed back in psychiatric treatment. (<u>Id.</u>, p.3.)

21   The record further confirms that at around the time of his arrest, Petitioner

22   suffered from schizophrenia and depression, and received medication for the treatment

23   of acute mania associated with bi-polar disorder. (Resp.'s Opp., Attachment 3 at p.3.)

24   And according to Petitioner's motion for downward departures, "WDRF records

25   indicate[d] [Petitioner] required an anti-anxiety medication (Welbutrin) during

26   transport and notes current medical problems as psychosis, depression, attention deficit

27   hyperactivity disorder and histories of drug use and suicidal ideation." (<u>Id.</u>) Given this

28   record of Plaintiff's mental condition at the time of his arrest, the Court is unwilling to

1  second guess defense counsel's 90-day analysis and investigation into Petitioner's mental

2  state.

3         Nor does the record support Petitioner's contention that defense counsel's

4  investigation into the derivative-citizenship defense was unreasonable.  With regard to

5  this defense, the record establishes that defense counsel was informed that Petitioner's

6  father was a United States citizen living in Detroit, Michigan.  (Resp.'s Opp.,

7  Attachment 3 at p.2.)  The record also establishes that Petitioner did not have "his

8  father's date or place of birth, social security number, or other information necessary

9  to document his citizenship."  (Id.)  Indeed, based on these facts, the Court

10  acknowledged during Petitioner's sentencing hearing that that it would have been

11  "malpractice had [defense counsel] not checked into" the derivative-citizenship claim

12  before Petitioner pled guilty.  (Id., Attachment 5 at p.6.)  Thus, Petitioner's challenge

13  to his attorney's investigation lacks merit.

14         Finally, Petitioner's claim that the investigation into the invalid-deportation-

15  proceeding defense was too long is premised on the theory that counsel's investigation

16  into the derivative-citizenship defense was also unreasonable.  (See Reply, pp.6–7.)

17  Because the Court has rejected the later theory, Plaintiff's argument regarding the

18  invalid-deportation-proceeding defense also lacks merit.

19

20  **III.   CONCLUSION AND ORDER**

21         In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of

22  habeas corpus (Doc. No. 35).  The Clerk of the Court shall close the district court file.

23         **IT IS SO ORDERED.**

24

25  **DATE: April 28, 2008**

26                                                    HON. THOMAS J. WHELAN
                                                      United States District Court
27                                                    Southern District of California

28